UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GRACELEN RIVET | CIVIL ACTION |
| VERSUS | NO. 17-11151 |
| TOYOTA MOTOR SALES, USA, INC. AND LAKESIDE IMPORTS, INC. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of injuries allegedly sustained by plaintiff Gracelen Rivet when she was struck by a vehicle.[2] Plaintiff alleges that, on or about July 28, 2016, she was standing next to the passenger door of a 2000 Toyota Sienna when the car suddenly began rolling backwards, crushing her arm and ankle.[3] On July 26, 2017, plaintiff filed a petition for damages in state court against defendants Toyota Motor Sales U.S.A., Inc., and Lakeside Imports, Inc.[4]

---

[1] R. Doc. 10.
[2] R. Doc. 1-2 at 3.
[3] *Id.*
[4] *Id.*

The petition alleges that plaintiff's injuries were caused by the unreasonably dangerous condition of the vehicle, and that Toyota Motor Sales is the manufacturer of the vehicle under the Louisiana Products Liability Act.[5] The petition further asserts that plaintiff's injuries were caused by the negligence of Lakeside Imports, which allegedly sold and repaired the vehicle.[6] The petition also alleges that Toyota Motor Sales and Lakeside Imports negligently sold a vehicle with a known defect, failed to make adequate repairs, failed to inspect and replace parts damaged during repairs, performed inadequate inspections of the vehicle, and committed other acts of negligence.[7]

On October 24, 2017, Toyota Motor Sales removed the matter to this Court on the basis of diversity of citizenship.[8] Although Lakeside Imports is a Louisiana corporation, Toyota Motor Sales asserts that it was improperly joined because plaintiff has no reasonable possibility of recovery against Lakeside Imports.[9] Plaintiff now moves to remand.[10]

---

[5] *Id.* at 3-4.
[6] *Id.* at 4.
[7] *Id.*
[8] R. Doc. 1.
[9] *Id.* at 4-11.
[10] R. Doc. 10.

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The "removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A defendant may nevertheless remove a case to federal court if a non-diverse party was improperly joined. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

The removing party bears a "heavy burden of proving that the joinder was improper." *Id.* at 576. A defendant may establish improper joinder by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non diverse party in state court." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (internal quotation omitted). If removal is based on the second theory, the defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated

3

differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 573).

In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. The Court may also "pierce the pleadings" and consider summary judgment-type evidence as to "discrete facts that would determine the propriety of joinder." *Id.*; *see also Davidson*, 819 F.3d at 766. In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). The Court must resolve all ambiguities in favor of the non-removing party. *Id.*

Further, the Court must take care not to move "beyond jurisdiction and into a resolution on the merits." *Smallwood*, 385 F.3d at 574. When "a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident

4

defendant, there is no improper joinder; there is only a lawsuit lacking in merit." *Id.* No federal jurisdiction exists over such a case, and it must be remanded to state court. *Id.* at 576.

### III. DISCUSSION

Toyota Motor Sales argues that Lakeside Imports was improperly joined because plaintiff has no reasonable possibility of recovery against it.[11] Toyota Motor Sales relies on an affidavit from Linda Reed, comptroller at Lakeside Imports.[12] Reed attests that she searched Lakeside's sales and service records and was unable to locate any records for the 2000 Toyota Sienna involved in plaintiff's accident.[13] Reed further states that Lakeside maintains its sales records for three years and its service records for seven years, and any repair would thus have occurred before August 15, 2010.[14] In its motion to remand, plaintiff presents a Carfax vehicle history report for the Toyota Sienna.[15] This report includes two service records for Lakeside

---

[11] R. Doc. 1 at 10.
[12] *Id.* at 9; R. Doc. 1-4 at 18.
[13] R. Doc. 1-4 at 18.
[14] *Id.* at 18-19.
[15] R. Doc. 10-2 at 1.

5

Toyota: a maintenance inspection on March 10, 2006, and a vehicle servicing on March 21, 2006.[16] Lakeside Imports does business as Lakeside Toyota.[17]

Toyota Motor Sales argues that the Carfax report is not competent summary judgment evidence because it is unauthenticated and unsworn.[18] But evidence need not be fully authenticated and admissible to constitute competent summary judgment evidence so long as it is capable of being presented in admissible form at trial. *See Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017); *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 533-34 (5th Cir. 2016). Toyota Motor Sales offers no reason why the information in the Carfax report cannot be reduced to admissible form, Fed. R. Civ. P. 56(c)(B), and other courts have considered Carfax reports on summary judgment. *See Gable v. Nikou Group Inv., Inc.*, 16-2927, 2017 WL 3671082, at *1-2 (S.D. Tex. 2017); *Krouch v. Wal-Mart Stores, Inc.*, 2014 WL 5463333, at *2 n.7 (N.D. Cal. 2014). The Court therefore declines to exclude the report.

Toyota Motor Sales further argues that, even if the Carfax report is considered, plaintiff's allegations are too conclusory to state a claim against Lakeside Imports, and too much time has elapsed to plausibly allege a causal

---

16     *Id.* at 2-3.
17     R. Doc. 1-4 at 18.
18     R. Doc. 15 at 9-10.

6

connection between Lakeside's repairs and plaintiff's injuries.[19] But the same argument is equally applicable to plaintiff's allegations against Toyota Motor Sales. Toyota Motor Sales has filed a motion to dismiss asking the Court to dismiss plaintiff's petition with prejudice because plaintiff's allegations against it are entirely conclusory, and fail to allege any facts to raise plaintiff's claim for relief beyond a speculative level.[20] Toyota Motor Sales notes that the vehicle is a 2000 model, and that plaintiff provides no information on when the car was allegedly sold or repaired by Toyota Motor Sales, the nature of those repairs, or the care and custody of the vehicle in the intervening years.[21]

Plaintiff's petition asserts equally conclusory allegations against Toyota Motor Sales and Lakeside Imports, and her claims against Toyota Motor Sales appear no more plausible than her claims against Lakeside Imports. In this circumstance, "it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper" because the "case is ill founded as to all the defendants." *Smallwood*, 385 F.3d at 574. Toyota Motor Sales has not demonstrated improper joinder, and the Court lacks jurisdiction.

---

[19] *Id.* at 8-9.
[20] R. Doc. 14-1 at 6-12; R. Doc. 19.
[21] *Id.* at 8 n. 34.

7

Plaintiff requests an award of attorneys' fees under 28 U.S.C. § 1447(c).[22] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that the Reed affidavit provided Toyota Motor Sales with an objectively reasonable basis for removal. Accordingly, the request for attorneys' fees is denied.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion. This matter is REMANDED to the 24th Judicial District Court for the Parish of Jefferson. Plaintiff's request for attorneys' fees is DENIED.

New Orleans, Louisiana, this __20th__ day of February, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[22] R. Doc. 10-1 at 6-7.